IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

QUEST DIAGNOSTICS CLINICAL           :
LABORATORIES, INC.,                  :
                                     :
        Plaintiff,                   :
                                     :      CIVIL ACTION NO.
    v.                               :      1:05-CV-0652-JOF
                                     :
PATHOLOGY & LABORATORY               :
MEDICINE, P.C.,                      :
                                     :
        Defendant.                   :

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion for protective order and to quash the deposition of Melissa Margulies, Esq. [27], Plaintiff's motion to seal "Exhibit B" to its motion for protective order and to quash the deposition of Melissa Margulies, Esq. [29], Plaintiff's motion to seal "Exhibit A" to Defendant's Response to motion for protective order and to quash the deposition of Melissa Margulies, Esq. [47], and Defendant's motion to compel the deposition of Melissa Margulies [36].

## I. Background

### A. Procedural History

On March 9, 2005, Plaintiff, Quest Diagnostics Clinical Laboratories, Inc. ("QDCL"), filed suit against Defendant, Pathology & Laboratory Medicine, P.C. ("PALM"), seeking partial indemnification and contribution for a settlement of an underlying state court action. On March 29, 2005, Defendant answered and brought counterclaims for breach of contract, breach of implied covenant of good faith and fair dealing, equitable estoppel, and indemnification. On October 14, 2005, Plaintiff filed a motion for a protective order and to quash the deposition of Melissa Margulies, Esq. On October 20, Plaintiff filed a motion to seal "Exhibit B" to its motion seeking a protective order. On October 31, Defendant responded and filed a motion to compel the deposition of Melissa Margulies. Plaintiff filed a motion to seal "Exhibit A" to Defendant's response. The court held oral argument on the matter on June 7, 2006.

### B. Facts

This case is the result of a settlement agreement reached in an underlying state court case. The state court case was brought by Mr. Robert Trent, a patient who had been mistakenly diagnosed with cancer. In the underlying case, both the Plaintiff and Defendant in the case before this court were Defendants. A brief synopsis of the facts of the underlying case is necessary. In August 2001, Mr. Trent had a prostate biopsy that was sent to Plaintiff. Pursuant to a business relationship between Plaintiff and Defendant, Plaintiff prepared slides

2

from samples and then sent the slides to Defendant for analysis. Through some mixup, another patient's slides were attached to Mr. Trent's paperwork and sent to Defendant for analysis. Defendant did not recognize the error, and Mr. Trent was diagnosed with prostate cancer and underwent treatment. Approximately a year and a half later, Mr. Trent's doctor requested this patient's slides from Plaintiff. Dr. Rakestraw, one of Plaintiff's employees, noticed the prior mixup of the slides. After consulting with Plaintiff's counsel, he sent the proper slides to Defendant for review without comment on the mixup. Defendant reviewed the new slides and determined that prior diagnosis of prostate cancer for Mr. Trent had been in error.

In a deposition taken during the underlying state court case, Dr. Rakestraw made certain comments about advice received from counsel prior to his forwarding the slides to Defendant. After this deposition, Mr. Trent, added new charges to his complaint. Subsequently, Mr. Trent and QDCL, Plaintiff herein, settled. Plaintiff in this suit seeks indemnification and contribution from Defendant for what Plaintiff contends is Defendant's share of the settlement.

### C.     Contentions

The matter before the court concerns statements made by Plaintiff's counsel to Dr. Rakestraw prior to sending the slides to Defendant for re-review. Plaintiff states that this court should quash the deposition of Melissa Margulies and deny Defendant's motion to compel; Plaintiff contends that any communications between its counsel and Dr. Rakestraw

3

are privileged and thus undiscoverable. Defendant counters by arguing that the privilege has been waived due to Dr. Rakestraw's deposition testimony and certain written discovery responses. Further, Defendant contends that the court should allow the discovery pursuant to the crime-fraud exception to the attorney-client privilege.

## II.   Discussion

"In a diversity action, state law governs the privileged nature of materials sought in discovery." *In re Fink,* 876 F.2d 84, 85 (11th Cir. 1989). However, where there is no state law on point, Georgia has looked to federal court rulings in the area of privilege. "Under the common law of Georgia, as codified in O.C.G.A. §§ 24-9-21(2), 24-9-24, and 24-9-25, the attorney-client privilege bars revelation, discovery, and testimony of [attorney-client privileged materials by] a lawyer except when waived by the client or in very limited circumstances." *NationsBank, N.A. v. Southtrust Bank of Georgia, N.A.*, 226 Ga. App. 888, 896 (Ga. App. 1997).

Courts treat advice provided by counsel differently than information provided to counsel by a client. *Southern Guar. Ins. Co. of Georgia v. Ash*, 192 Ga. App. 24, 25 (1989). With regard to advice from counsel to a client it appears "once an attorney-client relationship has been duly established between an attorney and his corporate client that the legal advice confidentially communicated to the authorized agents of the client is by statute protected from discovery, and testimony concerning the content of such advice is inadmissible on

4

grounds of public policy." *Id.* at 27 (citing O.C.G.A. §§ 24-9-21; 24-9-24; 24-9-27(c)). The burden is on the party invoking the privilege to establish that the privilege applies. *Id.* at 28.

Defendant does not seem to dispute that the communication in question would fall under this attorney-client privilege. Rather, Defendant contends that the Plaintiff has waived the privilege through the testimony of Dr. Rakestraw and through its interrogatory responses or that Plaintiff is not entitled to assert the attorney-client privilege due to the crime-fraud exception.

### A.   Dr. Rakestraw

In *Zielinski v. Clorox Co.*, the Supreme Court of Georgia noted that "the corporate attorney-client privilege belongs to the corporation, not to an officer or employee of the corporation . . . ." 270 Ga. 38, 40 (1998). Therefore, the immediate issue before the court concerns whether Dr. Rakestraw, a non-party employee of Plaintiff, has the ability to waive Plaintiff's privilege. As Georgia courts have not addressed the question of who may waive a corporation's privilege, the court will look to federal law. *See Marriott Corp. v. American Academy of Psychotherapists, Inc.,* 157 Ga. App. 497, 503-04 (1981). The United States Supreme Court noted in *Commodity Futures Trading Comm'n v. Weintraub*, that "the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." 471 U.S. 343, 348-49 (1985). Therefore, "a corporate employee cannot waive the corporation's privilege." *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1371 (10th Cir. 1997) (citing *United States v. Chen*,

5

99 F.3d 1495, 1502 (9th Cir. 1996), *cert. denied,* 520 U.S. 1167 (1997); *In re Claus von Bulow,* 828 F.2d 94, 100-01 (2d Cir. 1987)).

Defendant has not asserted, and there is nothing in the record before the court to suggest, that Dr. Rakestraw was an officer or director of Plaintiff with authority to waive Plaintiff's privilege. As Dr. Rakestraw was merely a corporate employee, and not a director or officer, he did not have the ability to waive Plaintiff's privilege. Therefore, the court will not allow the deposition of Plaintiff's counsel due to an alleged waiver of that privilege by Dr. Rakestraw's prior deposition testimony. The court GRANTS Plaintiff's motion to seal "Exhibit B" to QDCL's motion for protective order and to quash the deposition of Melissa Margulies, Esq. [29] and Plaintiff's motion to seal "Exhibit A" to Defendant's Response to motion for protective order and to quash the deposition of Melissa Margulies, Esq. [47].

### B. Plaintiff's Responses to Written Discovery

Defendant contends that two of Plaintiff's discovery responses waive its attorney-client privilege, specifically, Plaintiff's response to Defendant's Request for Admission No. 6 and Interrogatory No. 18.

In Defendant's Request for Admission No. 6, Defendant sought the following admission from Plaintiff: "On or about February 2003, Quest's in-house legal counsel advised Dr. Rakestraw not to inform Palm or the Trents of Quest's discovery of the mix up with Mr. Trent's biopsy slides." Plaintiff responded:

6

> QDCL objects to Request for admission No. 6 on the basis of the attorney-client privilege. QDCL denies Request for Admission No. 6 as stated. QDCL admits that QDCL's in-house counsel directed Dr. Rakestraw to send the biopsy slide back to PALM without biasing PALM's re-review of the slide by informing PALM of the error in diagnosis.

In Defendant's Interrogatory No. 18, Defendant asked Plaintiff to "[e]xplain in detail the basis for Quest's decision not to inform PALM or the Trents of its discovery of the mistake respecting Mr. Trent's biopsy slides, including identifying all persons who participated in making the decision or persons with knowledge of that decision." Plaintiff responded stating it:

> objects to this interrogatory on the ground that it seeks information protected by the attorney-client communication privilege and/or work product doctrine and requests information that is not relevant to this action. Subject to and without wavier [sic] of these objections, PALM is aware of discovery in the Prior Action that pursuant to QDCL protocol, Melissa Margulies directed Michael Rakestraw to send the biopsy slide back to PALM for them to determine whether a mistake had been made and to inform Mr. Trent.

Defendant contends that these two responses constitute a waiver of Plaintiff's attorney-client privilege.

Yet again, Georgia law provides scant information concerning partial disclosure. Turning to federal law, the Eleventh Circuit Court of Appeals in *Cox v. Administrator U.S. Steel & Carnegie*, stated that "the doctrine of waiver by implication reflects the position that the attorney-client privilege was intended as a shield, not a sword. In other words, [a] defendant may not use the privilege to prejudice his opponent's case or to disclose some

7

selected communications for self-serving purposes." 17 F.3d 1386, 1417 (11th Cir. 1994) (internal quotations and citations omitted).

Here, the court finds that in its response to a request for admission Plaintiff has partially waived its privilege as to communications made by counsel to a corporate employee. By stating that Plaintiff's "in-house counsel directed Dr. Rakestraw to send the biopsy slide back to PALM without biasing PALM's re-review of the slide by informing PALM of the error in diagnosis," Plaintiff is putting its own spin and reasoning for the advice. Plaintiff may not disclose some information about a confidential communication, here the reasoning for such a communication, and then attempt to assert privilege in an attempt to thwart discovery concerning the communication. Therefore, Plaintiff has made the communications an issue in the case and waived any privilege that would have attached. However, this waiver is not a general waiver of the attorney-client privilege, but rather is limited to the advice from counsel regarding Plaintiff's decision not to inform Defendant of its discovery of the mistake concerning Mr. Trent's biopsy slides.

The court will allow Defendant the ability to depose Melissa Margulies, Esq., for the limited purpose of addressing Plaintiff's advice with regard to resubmission to Defendant of Mr. Trent's slides. All other matters have not been waived and are protected under the attorney-client privilege.

Therefore, the court DENIES-IN-PART Plaintiff's motion for protective order and to quash the deposition of Melissa Margulies, Esq. The court permits such deposition for the

8

limited purpose of addressing counsel's advice to Dr. Rakestraw concerning the resubmission to Defendant of Mr. Trent's biopsy slides. The court GRANTS-IN-PART Plaintiff's motion for protective order and to quash the deposition of Melissa Margulies, Esq., insofar as it relates to all other matters. Having reached this conclusion, the court also GRANTS-IN-PART and DENIES-IN-PART Defendant's motion to compel with the same limitations discussed above.

### C. Crime-Fraud Exception

Finally, Defendant contends that the crime-fraud exception to the attorney-client privilege applies here. Under the crime-fraud exception "it is clear that the attorney-client privilege does not cover communications with respect to proposed or ongoing infractions of the law in the commission of a crime, or the perpetration of a fraud." *Both v. Frantz*, 278 Ga. App. 556, 563 (2006).

Under the crime-fraud exception a party need not prove the existence of a crime or fraud to overcome the claim that a communication is privileged. *Rose v. Commercial Factors of Atlanta, Inc.*, 262 Ga. App. 528, 529 (2003). The party need only make a prima facie case that the communication was made in furtherance of an illegal or fraudulent activity. *Id.* "Prima facie evidence is that which, on its face, is good and sufficient to establish a given fact, though it can ultimately be rebutted or contradicted." *Id.* at 529-30. Here, the court finds that Defendant has not produced sufficient evidence to show that a crime or fraud was perpetrated by Plaintiff in failing to disclose the information to Defendant.

AO 72A
(Rev.8/82)

**III.    Conclusion**

The court GRANTS-IN-PART and DENIES-IN-PART Plaintiff's motion for protective order and to quash the deposition of Melissa Margulies, Esq. [27], GRANTS Plaintiff's motion to seal "Exhibit B" to QDCL's motion for protective order and to quash the deposition of Melissa Margulies, Esq.[29], GRANTS Plaintiff's motion to seal "Exhibit A" to Defendant's Response to motion for protective order and to quash the deposition of Melissa Margulies, Esq. [47], and GRANTS-IN-PART and DENIES-IN-PART Defendant's motion to compel the deposition of Melissa Margulies [36].

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 12th day of September 2006.


                                                                    s/ J. Owen Forrester
                                                   J. OWEN FORRESTER
                         SENIOR UNITED STATES DISTRICT JUDGE